**SIGNED THIS: February 19, 2015**

_____
**Mary P. Gorman
United States Chief Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| In Re | ) | |
|---|---|---|
| | ) | Case No. 14-71879 |
| HOLLY C. HUGHES, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |

# O P I N I O N

Before the Court is the Trustee's Emergency Motion for Turnover wherein the Chapter 7 Trustee seeks to have all funds held by the Debtor in an account at Farmers State Bank of Camp Point turned over to him. The emergency nature of the motion arose because the Trustee discovered that the Debtor was continuing to spend funds from the account despite the entry of an order prohibiting such expenditures. This Court dealt with the emergency by ordering the Debtor to immediately turn over all remaining funds in the account to be held

by the Trustee pending decision on two contested issues. One issue — whether the Debtor was entitled to claim the funds as exempt — has been resolved in favor of the Trustee. For the reasons set forth below, this Court will now find that the second issue — whether the funds which were in the Debtor's Farmers State Bank of Camp Point account on the date of filing are property of the estate — should also be resolved in favor of the Trustee. A final order will be entered granting the requested turnover.

### I. Factual and Procedural Background

Holly Hughes ("Debtor") filed her voluntary petition under Chapter 7 on October 21, 2014. On her Schedule B filed with the petition, the Debtor disclosed ownership of a checking account at Farmers State Bank of Camp Point ("Farmers State Bank") and stated that the balance in the account was $40,000. The Debtor noted that with respect to the account, the "only deposit is lump sum of child support owed to Debtor in the amount of $40,000 recieved [sic] October 1, 2014." On her Schedule C also filed with the petition, the Debtor claimed the entire $40,000 exempt under the Illinois statute which provides for the exemption of a debtor's right to receive child support. *See* 735 ILCS 5/12-1001(g)(4). The Debtor's Schedule J discloses that she has custody of two children — a daughter aged fourteen and a son who is twelve.

James Inghram was appointed as the Chapter 7 Trustee ("Trustee"). Within two days of the case filing, the Trustee filed an objection to the Debtor's claim of exemption in the bank account and a motion seeking to prohibit expenditures

from the account until the exemption issue was resolved. Hearing on both matters was set for November 18, 2014.

The day before the hearing, the Debtor filed Amended Schedules B and C and an Amended Statement of Financial Affairs ("SOFA"). The Amended Schedules B and C removed all references to the Farmers State Bank account. The Amended SOFA added information at paragraph 14 asserting that the Debtor was holding the funds in her Farmers State Bank account for her two minor children. She claimed that because the funds represented pre-paid child support, the money was actually property of her children. She also stated that on the date of filing, the amount in the account was $30,638.56 rather than the $40,000 previously reported.

At the November 18th hearing, the parties agreed that the funds in the account represented pre-paid child support received by the Debtor from her ex-husband. The Trustee argued that the statutory exemption relied on by the Debtor in claiming the funds exempt was limited to the right to receive child support in the future and did not shield funds already received. The Debtor's attorney did not argue otherwise but asserted that the funds were not property of the Debtor and therefore were not property of her bankruptcy estate. The Court set deadlines for the parties to brief the exemption issue.

With respect to his request to prohibit spending of the funds until the legal issues were resolved, the Trustee expressed concern about the recent disclosure on the Amended SOFA that more than $9000 of the funds had been spent. The Debtor's attorney suggested that the expenditures had occurred after the Debtor

met with her attorney and provided information about the account but before the case was actually filed.[1] The Debtor's attorney also agreed, however, that an order should be entered prohibiting expenditures from the account until all issues were resolved. An order was entered that day prohibiting the Debtor from making any expenditures from the Farmers State Bank account until otherwise authorized by court order.

Both parties filed briefs on the exemption issue. The Debtor's brief, however, did not attempt to refute the Trustee's argument that the statute relied on by the Debtor shields only the right to receive child support payments and not payments already received. Instead, the Debtor asserted that the funds were not property of the estate. She cited only Indiana case law in support of her arguments. Further, despite the Court's request for a copy of the state court order regarding the lump-sum child support payment, the Debtor provided no documentation with her brief.

The Trustee's brief repeated his arguments regarding the limits of the exemption statute. He cited Illinois case law for the proposition that child support payments are the property of the custodial parent who receives the payments, and such payments only become the property of a child if an express trust is established for the funds. The Trustee also provided a copy of the Debtor's original Judgment for Dissolution of Marriage from 2008 and a copy of the Agreed Order entered by the state court requiring the Debtor's ex-husband to make a one-time lump-sum payment of child support to the Debtor in the amount of $40,000. The

---

[1] Bank records have since confirmed that the date-of-filing balance in the account was $30,638.56.

state court order dated September 23, 2014, required the payment to be made by October 3, 2014, and provided that the payment was in full satisfaction of the ex-husband's child support obligation for the parties' two minor children. The Trustee also provided a copy of the cancelled check verifying that the payment was made to the Debtor on October 1, 2014, and bank records showing the deposit of the check into the Farmers State Bank account held in the Debtor's name alone on that same date.[2]

Because case law is clear that the exemption statute relied on by the Debtor is limited to the right to receive child support payments, and because the Debtor conceded the argument by not briefing it and by removing the claim of exemption from her schedules, this Court entered an order sustaining the Trustee's objection to the claimed exemption. This Court declined to rule, however, on the issue of whether the funds were property of the estate because there were no motions or requests for relief actually pending which raised that issue.[3]

Almost immediately upon the issuance of the order sustaining the Trustee's

---

[2] Actually, the Debtor's bank records show that only $39,000 was deposited into the account. The Debtor received $1000 in cash from the check.

[3] Deciding the exemption issue before deciding the "property of the estate" question may seem to be taking the matters out of order. Generally, before deciding whether an exemption can be claimed, the issue of whether the claim is made as to estate property must be decided. *Fowler v. Shadel*, 2004 WL 1795230, at *1 (W.D. Wis. Aug. 6, 2004). Here, however, the Debtor initially disclosed the bank account as estate property and therefore the issue of the allowance of an exemption in the account was raised before she changed her mind and asserted that the money was not hers. Because the exemption issue turned solely on an interpretation of the statute and not on any factual dispute, the applicability of the exemption to the account funds, if they were later determined to be property of the estate, could be made first.

objection, the Debtor filed a motion to convert her case from Chapter 7 to Chapter 13. The Trustee objected to the conversion, and the matter was set for hearing.

In the meantime, the Trustee conducted the creditors meeting and obtained updated bank account statements from the Debtor. He discovered that notwithstanding the order of November 18, 2014, prohibiting spending from the Farmers State Bank account, the balance in the account had been reduced to approximately $21,000. On December 19, 2014, he filed his Emergency Motion for Turnover, with copies of the Debtor's bank records attached, asking for immediate relief. A telephonic hearing was conducted on the Emergency Motion on December 22, 2014, and an order was entered that day requiring the Debtor to turn over the entire balance remaining in the account to the Trustee before the close of business on December 23, 2014. The Trustee was directed to hold the funds pending further order of court, and the matter was set for hearing along with the motion to convert on January 13, 2015.

At the January hearing, the Debtor was the only witness called. She testified that at the time she filed her motion to convert, she was unemployed and running about $800 short each month on her budget. She stated that her reason for seeking to convert was to attempt to regain control over the child support funds. She was unable to offer any explanation of how she might propose a confirmable Chapter 13 plan and offered only her assurance that she was actively looking for work. The Debtor admitted that she used funds from the account to lend her boyfriend money for car repairs and to remodel a bathroom in the boyfriend's home where she and her children reside. She denied spending any funds from the

account after learning of the order prohibiting her from doing so, but claimed that she did not know of the order until informed about it by the Trustee at her creditors meeting on November 26, 2014. She denied that her attorneys had informed her of the order or that she had received the copy of the order mailed by the Court. She claimed that any debits from the account appearing on her bank account records for dates after the first meeting were for transactions actually initiated before that meeting. After hearing the Debtor's testimony, the motion to convert was denied.

The parties were given an opportunity to further brief the issue of whether the funds in the Farmers State Bank account are property of the estate. The Trustee has submitted nothing further and relies on the brief and documents submitted in support of his objection to the Debtor's claim of exemption. The Debtor filed a supplemental brief asserting that this Court should find that the funds in the Farmers State Bank were, in fact, held by her in trust for her children. The matter is ready for decision.

## II. Jurisdiction

This Court has jurisdiction over the issues presented pursuant to 28 U.S.C. §1334. Core proceedings include requests for orders to turn over property of the estate. *See* 28 U.S.C. §157(b)(2)(E).

## III. Legal Analysis

Upon the filing of a bankruptcy petition, all interests which a debtor has in property, both legal and equitable, become property of the estate. 11 U.S.C. §541.

-7-

The statute has been broadly construed to provide that all conceivable interests of the debtor, whether future, nonpossessory, contingent, speculative, or derivative, are within reach of §541. *Anderson v. McGowan (In re Anderson)*, 128 B.R. 850, 853 (D.R.I. 1991). And although the question of whether property is "property of the estate" is a matter of federal law, courts must consult state law to determine the extent of a debtor's interest in the property in question. *Butner v. United States*, 440 U.S. 48, 54-55 (1979).

Here, the nature and extent of the Debtor's interest in the child support payment she received pre-petition is controlled by Illinois law. The Debtor and her children reside in Illinois. Both the original Judgment for Dissolution of Marriage which established the Debtor's ex-husband's duty to pay child support in the first place and the Agreed Order entered in September 2014 which required the lump-sum payment were entered by the Circuit Court of Adams County, Illinois. No connection to any other state is evident from the documents provided.[4] The Debtor's citation to Indiana law is not explained in her briefs and appears to have been made solely because Debtor's counsel found some favorable language in several Indiana cases.

---

[4] No information was provided regarding the residence of the Debtor's ex-husband. The Agreed Order, however, says that custody is now shared on an approximately 50/50 basis suggesting that he lives in close proximity to the Debtor and the children, not in Indiana. The Debtor did not schedule her ex-husband as a creditor but did file a motion in January 2015 requesting, *inter alia*, that the Court "allow notice to be provided" to the ex-husband. The motion was denied because the correct way to add the ex-husband to the case would be to file an amended schedule or list and pay the requisite fee. And in any event, the ex-husband was not served with the motion, and his address was not included in the document.

Illinois law provides that both parents of a child have a duty of support which includes providing for "the reasonable and necessary educational, physical, mental, and emotional health needs of the child." 750 ILCS 5/505(a). The obligation continues until the child is eighteen years of age or, if still in high school, until age nineteen. *Id.* A request for the payment of child support may be made through a number of different legal proceedings including an action for the dissolution of a marriage. *Id.*

Here, the Debtor filed for the dissolution of her marriage and ultimately was awarded custody of her two minor children. The Judgment for Dissolution of Marriage required the Debtor's ex-husband to pay child support to the Debtor. Likewise, the Agreed Order entered in September 2014 required the ex-husband to pay the lump sum to the Debtor. The Debtor and her ex-husband are the only parties to the legal proceedings and both the Judgment and Agreed Order clearly run in favor of the Debtor individually.

Illinois case law suggests that the form and style of the Judgment and Agreed Order at issue here are consistent with common practice. Illinois judgments for child support run in favor of the custodial parent receiving the support from the non-custodial parent, and such judgments create a vested right to the funds in that non-custodial parent. *See, e.g., Sostak v. Sostak,* 113 Ill. App. 3d 954, 958 (1983); *Dorsey v. Dorsey,* 86 Ill. App. 3d 1043, 1045 (1980); *Fox v. Fox,* 56 Ill. App. 3d 446, 448 (1978). Child support is payable to the custodial parent — not the child — and the right to the support belongs to the custodial parent. Accordingly, under Illinois law, the Debtor was owed the child

support by her ex-husband and, when it was paid, it belonged to her.

To emphasize that the right to receive child support generally belongs to the custodial parent, the Trustee points out that Illinois law contains a specific provision for the creation of a trust for the benefit of a child if necessary for the protection of the child. 750 ILCS 5/503(g). Illinois courts may order that a portion of a parent's joint or separate property be placed in trust for a child to protect and promote the child's best interests and to provide for the child's ongoing support. *Id*. But such a trust may only be created when the trial court makes express findings that establishing the trust is necessary to protect the child. *See Miller v. Miller*, 112 Ill. App. 3d 203, 210 (1983). Trusts are not imposed upon the assets or income of responsible parents. *Id.*

Notwithstanding the fact that the state court did not make the necessary findings to create a trust for the benefit of the Debtor's children, she urges this Court to find that she was holding the lump-sum child support payment in trust for her children and therefore the funds are not property of her bankruptcy estate. But the Debtor's own conduct prevents such a factual finding even if the law allowed this Court to impose a trust when the state court did not do so. The Debtor deposited the funds in an account in her name alone and then spent the money at a pace that showed no regard for her children's future needs. According to her own documents, she spent over $9000 in the first three weeks after she received the money. Her initial spending included a significant loan to her boyfriend. And by mid-December, less than three months after receiving the money, she had spent almost another $10,000, thereby reducing the fund nearly

-10-

by half. To make the money last for the approximately six years remaining until her younger child turned eighteen, she should have been spending at a rate of no more than $600 per month. At the rate the Debtor was spending, however, the funds would not have lasted even six months. The argument that the Debtor was treating the funds as though she held them in trust for her children is not supported by her own conduct as evidenced by her bank records.

The funds in the Debtor's Farmers State Bank account are property of the estate. This holding is consistent with the decisions of other bankruptcy courts that have considered the issue and determined that when applicable state law provides that child support is property of the parent and not the child, then such child support may be property of the parent's bankruptcy estate. *See, e.g., In re McKain*, 325 B.R. 842, 847 (Bankr. D. Neb. 2005); *In re Harbour*, 227 B.R. 131, 132-33 (Bankr. S.D. Ohio 1998). The decision is also consistent with the Seventh Circuit's review of Illinois law regarding the ownership of child support and its holding that child support judgments create legal rights in the parent recipient, not in the child. *See In re Hosier*, 875 F.2d 128, 129 (7th Cir. 1989).

## IV. Conclusion

On the date this case was filed, the Debtor held $30,638.56 in her bank account at Farmers State Bank. The funds were held in her name alone and represented money paid to her by her ex-husband pursuant to a state court order entered in her favor. The funds were not held in trust for her children. The funds are property of this estate and must be turned over to the Trustee.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###